# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-12-00267-001-HE |
| | ) | NO. CIV-15-0028-HE |
| JORY MICHAEL NANCE, | ) | |
| Defendant. | ) | |

## ORDER

Jory Michael Nance was convicted, after a jury trial, of multiple counts of transporting child pornography and of receiving or attempting to receive child pornography. He was sentenced to a term of sixty-four months imprisonment on these convictions. He took a direct appeal from the convictions, challenging both the admission of certain evidence under Fed.R.Evid. 404(b) and the sufficiency of the evidence to support the convictions for attempting to receive child pornography. The Tenth Circuit Court of Appeals affirmed his convictions. United States v. Nance, 767 F.3d 1037 (10th Cir. 2014). He now seeks habeas relief pursuant to 28 U.S.C. § 2255.

Defendant's motion asserts a variety of alleged defects in the trial proceeding and in the conduct of his trial and appellate counsel. The alleged defects, whether considered individually or collectively, do not come close to making out a basis for relief under the statute.

Many of the arguments raised by defendant's motion are, in substance, ones to the sufficiency of the evidence to support his convictions. Others go to whether particular

1

evidence should have been admitted, such as his objection to the admission of evidence as to the thumbnail images. Such issues are for direct appeal, rather than a § 2255 motion. Where a defendant fails to raise an issue on direct appeal, he is barred from later raising it in a § 2255 motion unless he can show cause excusing the default or can show a fundamental miscarriage of justice if the claim is not addressed. United States v. McGaughy, 670 F.3d 1149, 1159 (10th Cir. 2012). Vague and conclusory assertions of ineffectiveness of appellate counsel are insufficient to show cause and there is no basis for concluding defendant's conviction was a miscarriage of justice. The "miscarriage of justice" exception to the procedural default rule is a narrow one, implicated only in "extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999). Here, the evidence of defendant's guilt was "overwhelming." Nance, 767 F.3d at 1043, n. 5. Defendant has not made the necessary showing to excuse his failure to pursue the referenced arguments on direct appeal.

Even if considered on the merits, defendant's objections are unpersuasive. For example, he apparently challenges the admission of agent testimony as to the history and use of the involved laptop computer on the basis that the government didn't verify what defendant himself told the agent about the matter. The government was plainly under no obligation to do so, and defendant offers no plausible explanation as to why the agent could not recount what the defendant himself said. He alleges that various agents lied in their testimony, based on defendant's analysis of the purported differences between the agent's

testimony (such as that they viewed a particular file, or that a video file was of a particular length) and his view of what the various computer or software file logs purportedly show. None of his arguments, grounded in the minutiae of what particular logs may or may not show, undercut the thrust of the testimony offered by the agents on the issues central to this case, nor do they suggest the knowing presentation of materially false testimony.

Perhaps most remarkable is defendant's suggestion that the government failed to present "exculpatory" evidence, objecting in particular to the government's decision to show the jury only small portions of videos downloaded to defendant's computer. There was, of course, no obligation of the government to present exculpatory evidence at trial,[1] and defendant could have insisted on playing the entire video(s) had he requested it. Fed.R.Evid. 106. Further, defendant makes no showing here of how anything <u>not</u> played might have been exculpatory or helpful to him. Indeed, in the circumstances of this case, it seems patently clear that it was in defendant's best interest to minimize the volume of the referenced material presented to the jury and, if his counsel has sought to do otherwise, it would have created a substantial question as to the competence of counsel. Defendant's argument states no basis for relief.

Defendant does assert that his trial and appellate counsel were ineffective. In order to justify relief on this basis, defendant must establish that "counsel's (1) 'representation fell

---

[1]*The government is obligated to disclose exculpatory or favorable evidence <u>to the defense</u> in various circumstances. See generally,* <u>Brady v. Maryland</u>*, 373 U.S. 83 (1963);* <u>Giglio v. United States</u>*, 405 U.S. 150 (1972). That does not mean the government must present the evidence at trial.*

3

below an objective standard of reasonableness,' and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Welch v. Workman, 639 F.3d 980, 1010 (10th Cir. 2011) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). His largely conclusory complaints about trial counsel and appellate counsel are to the effect that they didn't ask witnesses the right questions, or that they didn't have or call the right expert witness, or that they didn't dig up the right issues. None of defendant's suggestions persuasively show representation that fell below "an objective standard of reasonableness." Further, defendant's showing plainly falls short of establishing that, even if either counsels' performance was deficient in the respects he indicates, that the result would have been different. As noted previously, the evidence of Mr. Nance's guilt was "overwhelming."

Defendant has not shown a basis for relief under 28 U.S.C. § 2255. His motion to vacate [Doc. #71] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of June, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE